In the Matter of the Application of HOWARD L. WYNEGAR, LAZARUS WHITE and FREDERICK T. KELSEY, as Liquidating Committee, PLAZA TRUST COMPANY, for the Appointment of Appraisers Pursuant to Section 496 of the Banking Law. (Nos. 1–5.)*

Supreme Court, Oneida County, January 11, 1932.

* Affd., 235 App. Div. 434.

*Lewis, Garvin & Kelsey*, for the petitioners in proceeding No. 1.

*Dunmore, Ferris & Burgess* [*Thayer Burgess* of counsel], for the respondents The President and Directors of First Citizens Bank and Trust Company of Utica, N. Y., in proceeding No. 1.

*Foley & Guile* [*W. W. Guile* of counsel], for the petitioners in proceedings Nos. 2–5.

*Dunmore, Ferris & Burgess* [*Thayer Burgess* of counsel], for the respondents The President and Directors of First Citizens Bank and Trust Company of Utica, N. Y., in proceedings Nos. 2–5.

DOWLING, J. On the 26th of October, 1931, Citizens Trust Company of Utica, N. Y., First Bank and Trust Company and Utica Trust and Deposit Company of Utica, N. Y., pursuant to article 12 of the Banking Law of the State of New York, entered into a merger agreement bearing date the 24th of October, 1931, wherein they agreed to form a new merged institution to be known as First Citizens Bank and Trust Company of Utica. Said agreement was approved by the boards of directors of the three merging institutions, and by the Superintendent of Banks of the State of New York on October 26, 1931.

October 26, 1931, notice was mailed to all of the stockholders of the Citizens Trust Company of a meeting to be held November 9, 1931, at which said merger agreement was to be submitted and acted upon. Notice of the meeting was duly published commencing October 26 and ending November 7, 1931.

On November 9, 1931, at the time and place appointed, the meeting of stockholders of Citizens Trust Company of Utica, N. Y., was duly held and the said merger agreement was approved by a vote of more than two-thirds of all of the stockholders of said company. None of the above applicants voted in favor of the merger.

At 11:59 A. M. (Saturday), November 14, 1931, duplicate sets, etc., of said merger proceedings, as required by section 492 of the Banking Law, were filed in the office of the Superintendent of Banks of the State of New York, at Albany, N. Y., and in the office of the county clerk of the county of Oneida, N. Y. The merger thereupon presumably became effective.

The petitioners in the above five proceedings are the owners of 1,119 shares of the stock of the Citizens Trust Company of Utica, N. Y., as follows, viz:

Howard L. Wynegar et al., as liquidating committee
of Plaza Trust Company ....................... 740 shares
Arthur J. Foley .............................. 145 shares
William Lewis ................................ 100 shares
Emory J. Weller .............................. 100 shares
Elias B. Guile ............................... 34 shares

On the 14th of November, 1931, the petitioners in proceeding No. 1 mailed, by registered mail, at New York city, to the respondents herein, the following notice:

" PLAZA TRUST COMPANY
" Fifth Avenue at Fifty-second Street,
" New York.

" *November* 12, 1931.

" *To the President and Directors of First Citizens Bank & Trust Company of Utica and*

" *To the President and Directors of the Citizens Trust Company of Utica, N. Y., Utica, N. Y.*

" GENTLEMEN: In accordance with the provisions of Section 496 of the Banking Law of the State of New York and any other provisions bearing thereon, the undersigned, holders of 740 shares of the capital stock of your Bank, hereby object to the merger of said Citizens Trust Company of Utica with the First Bank & Trust Company of Utica as approved by the stockholders of your Bank at a special meeting held at the principal office of your Company, No. 520 Seneca Street, Utica, New York, on November 9, 1931, at eleven A. M.

" Please take notice that we hereby demand payment for our stock; and we further notify you that acting under the provisions of the Banking Law, we intend to apply to the proper court for the appointment of appraisers to appraise the value of our stock as provided in said law.

" Very truly yours,
" HOWARD L. WYNEGAR,
" LAZARUS WHITE,
" FREDERICK T. KELSEY,
" *As Liquidating Committee, Plaza Trust Company.*
" By LAZARUS WHITE,
" HOWARD L. WYNEGAR,
" PIKE K. WALDROP,
" *Authorized substitute for Frederick T. Kelsey.*"

This notice was not received by the respondents at Utica until November 16, 1931.

On November 28, 1931, each of the petitioners in proceedings Nos. 2, 3, 4 and 5 served upon the respondents the following notice (the language of the notice being the same in each case, except as to the number of shares and signature at the bottom), viz.:

" PLEASE TAKE NOTICE, that the undersigned, ...............
a holder of..................................., (..........),
shares of the stock of the said Citizens Trust Company of Utica, N. Y., and entitled to vote thereon, did not vote in favor of the proposition to authorize the merger of said Citizens Trust Company of Utica, N. Y., into First Bank and Trust Company of Utica or to approve the merger agreement, dated October 24, 1931, made between said Citizens Trust Company of Utica, N. Y., Utica Trust and Deposit Company and said First Bank and Trust Company of Utica, at a meeting of stockholders of said Citizens Trust Company of Utica, N. Y., held at its principal office, 520 Seneca Street, Utica, New York, on the 9th day of November, 1931, at 11:00 o'clock A. M., at which meeting said merger was authorized and said merger agreement approved, and I hereby object to said merger and to the approval of said merger agreement and demand payment for the above mentioned shares held by me.
" Dated: UTICA, NEW YORK, *November 25th,* 1931.
" ...................... "

On the 4th day of January, 1932 at two P. M., on notice to the respondents herein, the above petitioners petitioned the Supreme Court, at a Special Term thereof in session at Utica, Oneida county, N. Y., for an order appointing three appraisers to appraise the value of their stock in the Citizens Trust Company, Utica, N. Y., pursuant to section 496 of the Banking Law and for such other relief as they may be entitled to pursuant to the provisions of said section. The respondents appeared in each of said proceedings and filed answers therein denying that petitioners duly objected in writing to the merger or duly demanded payment for their stock and, for a separate and distinct answer to said petitions, allege that the merger mentioned in said petitions took effect on the 14th day of November, 1931, and that petitioners failed to object to said merger and demanded payment for their stock or shares prior to said date, as provided by law, and demand judgment dismissing said petitions with costs.

Section 496 of the Banking Law, so far as pertinent to the discussion in hand, provides: " Any stockholder or shareholder not voting in favor of such agreement of merger at the meeting pre-

scribed in section four hundred and ninety of this article, may at such meeting or within twenty days thereafter object to the merger and demand payment for his stock or shares; * * * If the merger takes effect at any time after such demand, such stockholder or shareholder may, at any time within sixty days thereafter, apply to the supreme court at any special term thereof, held in the county wherein is situated the principal place of business of the corporation into which the other or others are merged, for the appointment of three persons to appraise the value of his stock * * *."

It is undisputed that the petitioners were stockholders of the Citizens Trust Company at all of the times herein mentioned; that the merger agreement was signed by the parties thereto October 26, 1931; that due notice, by mail and by publication, of a meeting of the stockholders of the Citizens Trust Company, for the 9th of November, 1931, at eleven A. M., at the offices of said company, for the purpose of ratifying said agreement, was given to all of the stockholders thereof; that over two-thirds of the stockholders of said company, on the 9th of November, 1931, approved and ratified said merger agreement; that the Superintendent of Banks of the State of New York likewise approved and ratified said merger on November 9, 1931; that duplicates of said merger agreement, together with copies of its approval by the Superintendent of Banks, and sworn copies of proceedings at the meeting at which such agreement was finally approved, made by the secretaries thereof, respectively, were filed in the office of the Superintendent of Banks of the State of New York and in the office of the clerk of the county of Oneida, N. Y., on the 14th of November, 1931, at 11:59 A. M.; that the respondents received the above notices on the 16th and 28th of November, 1931, respectively, and that the application for appointment of appraisers is made in the county where the merged institution has its principal place of business.

Respondents maintain petitioners are not entitled to appointment of appraisers for the reason that they did not object to the merger, or demand payment for their stock, prior to the time when said merger became effective on November 14, 1931. They argue that the intent of the above section is that dissenting stockholders must object to the proposed merger and demand payment for their stock before the proposed merger becomes effective. They contend that great mischief may result, if a considerable percentage of the dissenting stockholders should demand payment after the merger became effective; that if the new corporation is not advised, before the merger becomes effective, the amount it will have to pay to dissenting stockholders, it would be unwise and dangerous for it to permit the merger to become effective, due to the fact that the

amount demanded might be beyond the capacity of the new institution to pay.

The petitioners, on the other hand, assert that any stockholder not voting in favor of the agreement of merger at the meeting called for that purpose, may, any time within twenty days following said meeting, demand payment for his stock, and that such stockholder has sixty days after the. merger becomes effective within which to apply for appraisers.

Section 492 of the Banking Law provides: "After such merger agreement shall have become binding upon the respective corporations who are parties thereto, as provided in the two immediately preceding sections, one of the duplicates thereof with a copy of the superintendent's written approval and a sworn copy of the proceedings of the meetings at which such agreement was finally approved, made by the secretaries thereof respectively, shall be filed in the office of the superintendent, and the other duplicate of such agreement with the written approval of the superintendent and another sworn copy of such proceedings, shall be filed in the office of the clerk of the county in which is located the principal place of business of the corporation into which the other corporation or corporations are to be merged."

Section 493 provides: "Upon filing the duplicates of such merger agreement, together with copies of its approval by the superintendent, as prescribed in the last preceding section, the merger agreement shall take effect according to its terms and the merger shall thereupon take place as provided in the agreement."

Neither section 492 nor 493 requires the duplicates of the merger agreement, etc., to be filed upon any particular date. This being the case, the new corporation can, and for safety's sake should, delay filing the duplicates, etc, until after the twenty-day period allowed dissenting stockholders to object to the merger and demand payment for their stock. At the expiration of the twenty days, if the demand of the dissenting stockholders is too burdensome, the new corporation does not have to file said duplicates, etc., so as to render the merger effective and thus it may avoid the untoward consequences predicted by respondents, if dissenting stockholders are not obliged to present their objections and demand payment before the merger becomes effective. In other words, the respondents could have prevented the merger from becoming effective, until after the expiration of said twenty-day period, by delaying the filing of said duplicates, etc. They assumed the risk of any embarrassing consequences, by prematurely filing within said twenty-day period. They could not foreclose petitioners of their right to present their objections and demand payment within

twenty days after November 9, 1931, merely by filing said duplicates, etc., and thereby rendering said merger effective.

The language of section 496 contemplates that the new company does not have to give effect to the merger until after the expiration of the twenty-day period allowed dissenting stockholders. The section provides: If the merger takes effect at any time after such demand, such stockholder may, at any time within sixty days thereafter, apply to the Supreme Court for the appointment of appraisers. The statute contemplates that, if the demand for payment might impair the functioning of the new corporation, the merging institutions may prevent the merger from becoming effective by not filing the duplicates, etc. The only way that the new institution can be embarrassed by the demands of dissenting stockholders is by filing the duplicates, etc., and making the merger effective before the expiration of said twenty-day period.

Said twenty-day period and said sixty-day period do not overlap or conflict with each other.

November 29, 1931, was the last day for the petitioners to present their objections to the merger and demand payment for their stock. Concededly, their demands were presented within that period. The proceedings in question were instituted well within the sixty-day period allowed by statute for that purpose after the merger became effective.

The statute rather contemplates that the merger shall not be rendered effective until after the twenty-day period for dissenting stockholders to present their objections and demands has expired. An application for appointment of appraisers, any time within the sixty days following November 29, 1931, would have been timely, regardless of the fact that the duplicates, etc., were filed within said twenty-day period.

Petitioners are entitled to the usual order appointing appraisers herein.

If parties cannot agree upon form of order same may be settled upon two days' notice.

Enter order accordingly.